UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                          )
TIMOTHY MORROW,                           )
                                          )
                Plaintiff,                )
                                          )
        v.                                )   Civil Action No. 09-555 (RBW)
                                          )
UNITED STATES, et al.,                    )
                                          )
                Defendants.               )
_____)

## Memorandum Opinion

Timothy Morrow, the pro se plaintiff in this civil case, seeks "damages[] in a[] sum certain to be determined by the Court," Complaint ("Compl.") at 25, for the alleged "denial of [his] right to due process of the tax law, administrative law, and record-keeping law of the United States," id. at 1, as well as for the defendants' alleged "disregard of provisions of the tax law of the United States and regulations promulgated thereunder," id. at 2. Currently before the Court is the defendant United States' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which the plaintiff opposes, Response to Motion to Dismiss Complaint ("Pl.'s Opp'n").[1] For the reasons set forth below, the United States' motion is granted in part and denied in part, and the plaintiff is granted limited leave to amend his Complaint.

## I. BACKGROUND

The plaintiff filed his twenty-seven count Complaint on March 23, 2009, naming the "United States (Government)," the "IRS [Internal Revenue Service] Commissioner," and

---

[1] The Court also considered the following papers filed in connection with the United States' motion: Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Complaint ("Def.'s Mem."). This document is misnumbered, with the first and third pages both listed as page 3. The Court has therefore re-numbered the memorandum so that the first page is page 1, with the following pages numbered in sequential order.

"Unknown agent(s)" as the defendants. Compl. at 1. The Complaint is one of many pro se tax protest suits filed in this jurisdiction, asserting a variety of forms of misconduct by the Internal Revenue Service (the "IRS"), see Bean v. United States, 538 F. Supp. 2d 220, 222 n.1 (D.D.C. 2008) (listing cases), and appears to be similar in many respects to the twenty-seven count complaint dismissed by Judge Huvelle in Scott v. United States, 608 F. Supp. 2d 73 (D.D.C. 2009).

The alleged violations of the Internal Revenue Code (the "Code") listed in the Complaint fall broadly into two categories. Compl. at 8-24.[2] Specifically, counts 1 through 18 are styled as "Bivens/Denial of Due Process of Tax Law" claims,[3] wherein the plaintiff contends that the defendants violated or disregarded the following provisions of the Code and their associated regulations[4]:

- 26 U.S.C. § 6001 and 26 C.F.R. § 1.6001-1(d), by failing to notify the plaintiff of the requirement to keep records, make statements, or file returns with respect to any tax imposed in the Code (Counts 1-2);

- 26 U.S.C. § 6020 and 26 C.F.R. § 301.6020-1, by failing to prepare or subscribe any substitute returns in the name of the plaintiff (Counts 3-6);

---

[2] At the outset, it is important for the Court to observe who the plaintiff is intending to sue, and on what basis. For example, although the plaintiff names the "United States (Government)," the "IRS Commissioner," and "Unknown agent(s)" as the defendants in the caption of his Complaint, Compl. at 1, in the section of his Complaint describing who the parties in the case are, the plaintiff states that the "[d]efendant is the United States of America[.]" Id. at 3. Yet the Complaint makes repeated references to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), e.g., Compl. at 1-2, 4, 6, 7, and the plaintiff later clarifies that "all counts brought under Bivens are directed to individual officers and employees; and only Counts brought under 26 U.S.C. § 7433 are directed at . . . the United States." Pl.'s Opp'n at 2. Because the Court has an "obligation to construe pro se filings liberally," Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002), the Court assumes that the plaintiff brings counts 1 through 18 against the Commissioner of the IRS and the unknown agents of the IRS in their individual capacities, and counts 19 through 27 against the United States.

[3] See generally Bivens, 403 U.S. 388. There, the Supreme Court established that the victims of a constitutional violation by a federal agent have a right to recover damages against the agent in federal court despite the absence of any statute specifically conferring such a right. E.g., Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006).

[4] The plaintiff does not specify which editions of the United States Code and Code of Federal Regulations are cited in his Complaint. The Court therefore assumes that citations to the United States Code are to the 2006 edition, and citations to the Code of Federal Regulations refer to the 2009 edition.

- 26 U.S.C. § 6103 and 26 C.F.R. § 301.6103(c)-1, by failing to disclose returns bearing the plaintiff's name to the plaintiff or the plaintiff's representative, upon request (Counts 7-8);

- 26 U.S.C. § 6109 and 26 C.F.R. § 301.6109-1, by improperly requiring that the plaintiff obtain and use a Social Security Number (Counts 9-10);

- 26 U.S.C. § 6201 and 27 C.F.R. Part 70, by failing to limit the plaintiff's tax assessments, or otherwise incorrectly or impermissibly assessing them and refusing to correct them (Counts 11-13);

- 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1, by failing to record or sign the assessments, or furnish signed copies of the assessments to the plaintiff (Counts 14-17); and

- 26 U.S.C. § 6211, by failing to promulgate regulations implementing the portions of the Code defining the term deficiency (Count 18).

See generally Compl. at 8-20.

In addition, counts 19 through 27 are styled as "[26 U.S.C.] § 7433/disregard in connection with collection," where the plaintiff asserts that the defendants have violated or disregarded the following sections of the Code:

- 26 U.S.C. § 6301, by failing to develop and implement procedures concerning the review processes of the decisions to issue liens, levies, and the seizure of property (Count 19);

- 26 U.S.C. § 6303, by failing to give notice to the plaintiff within sixty days after making an assessment of the taxes owed (Count 20);

- 26 U.S.C. § 6304, by engaging in conduct that has the natural consequence to harass, oppress, or abuse the plaintiff in connection with the collection of unpaid tax (Count 21);

- 26 U.S.C. § 6320, by failing to afford the plaintiff a hearing where he could raise the issue of underlying tax liability (Count 22);

- 26 U.S.C. § 6321, by asserting liens without first giving proper notice or making a demand to the plaintiff (Count 23);

- 26 U.S.C. § 6751, by failing to verify in writing that a supervisor had approved, in writing, any initial tax penalty determination (Count 24);

3

- 26 U.S.C. § 6322, by asserting liens for which no assessment was made in accordance with 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1 (Count 25);

- 26 U.S.C. § 6323, by failing to certify notice of liens under Montana state law (Count 26); and

- 26 U.S.C. § 7213, by unlawfully disclosing the plaintiff's tax return information by filing notices of liens in stated amounts for which no record of such assessments exist (Count 27).

See generally Compl. at 20-24.

As an attachment to his Complaint, the plaintiff has submitted a statement of facts. Statement of Facts of Timothy Morrow ("Pl.'s Facts"). According to that document, beginning in approximately 1988, the plaintiff has received over 100 correspondences and telephone communications from unknown IRS agents, id. ¶¶ 1-2, which he states were "in an apparent attempt to collect [alleged] past due taxes." Id. ¶ 3 (alteration in original). The plaintiff also claims that since approximately 1988 he has had at least three "face-to-face contacts with Unknown IRS agent(s)," id. ¶ 4, and also since that time the IRS has "filed several liens and/or levies against" him, resulting in the plaintiff being "forced to hire counsel to remove said liens and/or levies in order to maintain a tolerable living standard." Id. ¶ 5.

The United States has moved to dismiss this case, arguing that the Court lacks subject matter jurisdiction over counts 1 through 19, 24, and 25 because those counts "are merely an improper attempt to challenge the underlying tax liability" and "do not relate to collection activities." Def.'s. Mem. at 2. The United States also claims that the Court lacks subject matter jurisdiction over counts 1 through 19, stating that a "Bivens cause of action is not available against the United States, which has not waived its sovereign immunity for such claims." Id. at 3. As to the remaining counts, 20 through 23, 26 and 27, the United States moves to dismiss

them pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that those counts "fail to provide the necessary factual detail to state a claim." Id. at 4.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(1)

A motion for dismissal under 12(b)(1) "presents a threshold challenge to the court's jurisdiction . . . ." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); see also Grand Lodge Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (noting a Rule 12(b)(1) motion imposes an affirmative obligation on the court to ensure it is acting within its jurisdictional authority). Specifically, the Court should dismiss a claim if the Court "lack[s] . . . subject matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "it is presumed that a cause lies outside [a federal courts'] limited jurisdiction," Kokkonen v. Guardian Life Ins. Co., 511 U.S 375, 377 (1994), and the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. See, e.g., Moore v. Bush, 535 F. Supp. 2d 46, 47 (D.D.C. 2008). In deciding a motion to dismiss based upon lack of subject matter jurisdiction, a Court is not limited to the allegations set forth in the complaint, but "may consider materials outside the pleadings . . . ." Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). And when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court is required to accept as true all factual allegations contained in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).

### B. Motion to Dismiss Under Rule 12(b)(6)

On the other hand, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint has properly stated a claim upon which relief may be granted. Woodruff v. DiMario, 197 F.R.D. 191, 193 (D.D.C. 2000). For a complaint to survive a Rule

12(b)(6) motion, it need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which is sufficient to "give the defendant fair notice of what the claim is and the grounds on which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Although Rule 8(a) does not require "detailed factual allegations," a plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555) (internal quotations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly 550 U.S. at 557) (internal quotation marks omitted).

In evaluating a Rule 12(b)(6) motion under this framework, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," Young v. Covington & Burling LLP, 689 F. Supp 2d 69, 76 (D.D.C. 2010) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal quotation marks), and the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice," E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote omitted). Although the Court must accept the plaintiffs' factual allegations as true, conclusory allegations are not entitled to an assumption of truth, and even

those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." Iqbal, __ U.S. at __, 129 S. Ct. at 1949-50. Where "more likely explanations" than those alleged by the plaintiff exist, the Court should be wary of finding that the plaintiff's allegations have sufficiently nudged the claims into the realm of plausibility. See id. at 1951-52 ("As between that 'obvious alternative explanation' for the arrests, and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion." (quoting Twombly, 550 U.S. at 567)). If "the [C]ourt finds that the plaintiffs have failed to allege all the material elements of their cause of action," then the Court may dismiss the complaint without prejudice, Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997), or with prejudice, provided that the Court "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and citations omitted).

### III. LEGAL ANALYSIS

A.  **Subject Matter Jurisdiction Under Rule 12(b)(1)**

   1. Counts 1-18

The plaintiff admits that counts 1 through 18 are Bivens claims brought against "individual officers and employees" of the United States. Pl.'s Opp'n at 2; see Compl. at 4. The United States, likely construing these particular claims as directed against the federal government as a whole, has moved to dismiss pursuant to Rule 12(b)(1), contending that a "Bivens cause of action is not available against the Unites States, which has not waived its sovereign immunity for such claims." Def.'s Mem. at 3.[5] But in this context, Rule 12(b)(1) is not the appropriate vehicle to dismiss the plaintiff's Bivens claims. Dismissal under Rule

---
[5] The United States incorrectly characterizes Count 19 as a Bivens claim, Def.'s Mem. at 3, as this count is clearly pled as an alleged violation of 26 U.S.C. § 7433. Compl. at 20.

7

12(b)(1) is appropriate only where the Court lacks the "statutory or constitutional power to adjudicate [a] case," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998), which is distinguishable from a dismissal under Federal Rule of Civil Procedure 12(b)(6), which constitutes "a ruling on the merits with res judicata effect," Haase, 835 F.2d at 906. Indeed, the Court has jurisdiction where "the right of the [plaintiff] to recover under [the] complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." Steel Co., 523 U.S. at 89 (quoting Bell v. Hood, 327 U.S. 678, 685 (1946)). Here, for instance, the United States does not assert that the Court lacks the power to adjudicate claims that arise out of alleged constitutional violations committed by the IRS Commissioner and unknown IRS agents, nor could it. E.g., Schweiker v. Chilicky, 487 U.S. 412, 421 (1988) ("Bivens actions for money damages against federal officers have subsequently been permitted under § 1331 for violations of the Due Process Clause of the Fifth Amendment . . . ." (internal quotation marks omitted)). Rather, the United States argues that "Bivens does not permit an implied . . . cause of action (even with respect to private defendants) where the alleged cause of action relates to tax collection because adequate statutory remedies exist." Def.'s Mem. at 3 n.1. Thus, the issue is not whether the Court has jurisdiction to entertain the plaintiff's Bivens claims, but whether the Court should dismiss the claims because a proper reading of Bivens prevents the Court from granting the plaintiff the relief that he is seeking. The proper rule for seeking such a dismissal is, of course, Federal Rule of Civil Procedure 12(b)(6), and not Rule 12(b)(1). See Fed. R. Civ. P. 12(b)(6) (authorizing federal district courts to dismiss a complaint for the "failure to state a claim upon which relief can be granted"); see also Kim v. United States, 618 F. Supp. 2d 31, 38 (D.D.C. 2009) ("In essence, Defendants allege that Plaintiffs have failed to state a claim for a Bivens action because no Bivens remedy exists for

Plaintiff's alleged injuries. Such an argument is better understood as seeking dismissal under Rule 12(b)(6), not Rule 12(b)(1)."").[6] Accordingly, the United States' motion to dismiss counts 1 through 18 for lack of subject matter jurisdiction is denied.

That is not the end of the Court's analysis, however, because the identities of the specific individual defendants the plaintiff intends to sue remains unclear. Although the plaintiff seeks to bring counts 1-18 against the "IRS Commissioner" and "Unknown agent(s)," Compl. at 1, the plaintiff never identifies these parties by name. And because the plaintiff is alleging interactions with the IRS that have been going on from "approximately . . . 1988 to the present," Pl.'s Facts ¶¶ 1-2, 4-5, and as there have surely been numerous individuals serving in those positions over the past twenty-two years, there is no way for the Court (let alone the United States) to discern the particular individuals that are the subject of the plaintiff's Bivens claims.

The Court finds that the sensible approach in this situation is to allow the plaintiff leave to amend counts 1 through 18 of the Complaint. This is in keeping with the guidance in this jurisdiction that "[p]ro se litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings," Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993), as well as the Federal Rules of Civil Procedure, which provide that the Court may grant the plaintiff leave to amend a complaint, Fed. R. Civ. P. 15(a). In amending these counts, the Court fully expects that the plaintiff will follow the pleading guidance recently set forth by the Supreme Court in Twombly, 550 U.S. 544, and Iqbal, 129 S. Ct. 1937, and

---

[6] While the Court agrees that it may be proper to construe a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) as a motion to dismiss for failure to state a claim under Rule 12(b)(6) where it would not prejudice the plaintiff, see Kim, 618 F. Supp. 2d at 38 n.7, doing so would be inappropriate in this case because it would unfairly prejudice the plaintiff. The plaintiff was not put on notice that the United States would be moving to dismiss counts 1 through 18 under Rule 12(b)(6), and in his response, the plaintiff asserts that the United States knows "full well that all Counts brought under Bivens are directed to individual officers and employees; and only counts brought under 26 U.S.C. § 7433 are directed" at the United States. See Pl.'s Opp'n at 2.

otherwise abide by the applicable provisions of the Federal Rules of Civil Procedure. As the District of Columbia Circuit has observed, proceeding pro se "does not constitute a license . . . to ignore the Federal Rules of Civil Procedure." Moore, 994 F.2d at 876 (internal quotations and citations omitted). Accordingly, the defendants' motion to dismiss counts 1 through 18 of the Complaint is denied without prejudice, and the plaintiff is granted limited leave to re-file the Complaint amending these counts by the date specified in the Order that accompanies this opinion.

### 2. Counts 19, 24 and 25

The United States also moves to dismiss counts 19, 24, and 25 under Rule 12(b)(1) because the allegations asserted in these claims "involve non-collection activities" and are therefore "not cognizant" under 26 U.S.C. § 7433. Def.'s Mem. at 3. These counts are pled as violations of § 7433, which the plaintiff claims are "directed at" the United States. Pl.'s Opp'n at 2. However, it is well settled that the United States is immune from suit unless Congress has expressly provided consent to be sued; that is, when Congress has waived the United States' sovereign immunity. E.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature.") (internal citations omitted). If the United States has not consented to be sued, sovereign immunity requires the Court to dismiss the claims for lack of jurisdiction. First Va. Bank v. Randolph, 110 F.3d 75, 77 (D.C. Cir. 1997).

Here, as a basis for invoking the jurisdiction of this Court, the plaintiff relies on the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 704-706 (2006), the Federal Records Act, 44 U.S.C. §§ 3101-3107 (2006), the National Archives Act, 44 U.S.C. §§ 2901-2910 (2006), Bivens, and 26 U.S.C. § 7433. See Compl. at 3-5. But as other members of this Court

have determined, neither the APA, the Federal Records Act, nor the National Archives Act waive sovereign immunity with respect to claims against the United States for monetary damages.[7] Consistent with these decisions, the Court finds that it lacks subject matter jurisdiction to consider damages claims against the United States brought under these three statutes.

Similarly, "Bivens by its very nature is a private damages action against individual federal employees for violating a citizen's constitutional rights," and "is not waiver of sovereign immunity for actions against the United States." Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d 4, 8 (D.D.C. 2009) (emphasis added); see Cooper v. Johnson, 652 F. Supp. 2d 33, 39 (D.D.C. 2009) (Walton, J.) ("The United States has not waived its sovereign immunity for constitutional tort claims[.]" (citing Meyer, 510 U.S. at 477)). Thus, whether the plaintiff can proceed against the United States with counts 19, 24, and 25 depends upon the extent sovereign immunity has been waived by 26 U.S.C. § 7433.

Section 7433(a) effected a limited waiver of the United States' sovereign immunity, allowing suits for damages if the IRS or its agents have intentionally, recklessly, or negligently disregarded any provisions of the Code "in connection with any collection of Federal tax . . . ." 26 U.S.C. § 7433(a). But, as observed by Judge Collyer, § 7433 waives sovereign immunity

---

[7] See Pragovich v. United States, 602 F. Supp. 2d 194, 195 (D.D.C. 2009) (Robertson, J.) ("This court does not have jurisdiction to hear claims for money damages under the [APA] . . . . There is no waiver for sovereign immunity for a damages claim in the Federal Records Act or in the National Archives Act.") (internal citation omitted); Pollinger v. United States, 539 F. Supp. 2d 242, 254 (D.D.C. 2008) (Kollar-Kotelly, J.) (finding no waiver of sovereign immunity under the APA for suits for monetary damages); Buaiz v. United States, 471 F. Supp. 2d 129, 138 (D.D.C. 2007) (Collyer, J.) (finding no waiver of sovereign immunity under the APA for suits seeking monetary damages); Spahr v. United States, 501 F. Supp. 2d 92, 95 n.2 (D.D.C. 2007) (Huvelle, J.) (finding that neither the Federal Records Act nor the National Archives Act contain a waiver of sovereign immunity); Whittington v. United States, No. 1:06-1591, 2007 WL 495803, at *1 (D.D.C. Feb. 12, 2007) (Leon, J.) (agreeing that the court lacks jurisdiction to consider damages claims under the APA, the Federal Records Act, and the National Archives Act); Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (Urbina, J.) (finding no waiver of sovereign immunity under the APA for suits for money damages); Ross v. United States, 460 F. Supp. 2d 139, 148-49 (D.D.C. 2006) (Bates, J.) (finding no waiver of sovereign immunity for damages claim brought under the APA, the National Archives Act, and the Federal Records Act).

11

only insofar as it pertains to tax collection activities, and does not provide a cause of action for wrongful tax assessment or other actions not specifically related to the collection of federal tax. Buaiz, 471 F. Supp. 2d at 135-37; see also Ramer v. United States, 620 F. Supp. 2d 90, 97 (D.D.C. 2009) (Walton, J.) (citing other cases from the District Court for the District of Columbia that have narrowly construed § 7433). The various circuit courts that have considered the same issue have also concluded that the waiver of sovereign immunity in § 7433 is limited to tax collection activities. Miller v. United States, 66 F.3d 220, 222-23 (9th Cir. 1995); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994); Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992); see also Henry v. United States, 276 F. App'x 503, 505 (7th Cir. 2008) ("[A] taxpayer can recover only for improper tax collection, not for an incorrect assessment of tax liability."); Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 411 (4th Cir. 2003) ("To be sure, § 7433 provides for a 'civil action' only for damages arising from the 'collection' of taxes, not for damages arising from the investigation and determination of tax liability."). Accordingly, the Court agrees that § 7433 only waives sovereign immunity insofar as a claim against the United States relates to tax collection activities.

In the context of what is alleged this case, counts 19, 24, and 25 are therefore dismissed because the Court lacks subject matter jurisdiction to consider them. In count 19, the plaintiff alleges that the defendants failed to develop and implement procedures for the supervisory review and certification of decisions to issue liens and levies. Compl. at 20-21. But this claim clearly relates to the alleged failure to promulgate regulations and procedures and is therefore outside of § 7433's tax collection activities sovereign immunity waiver. See Scott 608 F. Supp. 2d at 80 (dismissing similar count). Count 24 alleges that a supervisor failed to provide written authorization of any penalty determination. Compl. at 23. However this also implicates duties

performed by the IRS in the course of rendering tax assessments, and falls outside the sovereign immunity waiver in § 7433. Finally, count 25 alleges that the defendants "asserted liens for which no assessment was made in accordance with" 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1. Compl. at 23. This count plainly refers to the process of assessing a tax obligation and not anything related to tax collection. As with counts 19 and 24, the Court lacks subject matter jurisdiction over count 25 because it falls outside the sovereign immunity waiver of § 7433.

**B.     Failure to State a Claim Under 12(b)(6)**

The United States moves to dismiss the remaining counts, 20 through 23, 26, and 27, for failure to state a claim under Rule 12(b)(6), asserting that these counts "merely restate[] the statutory language and allege[] no facts to support a claim for damages." Def.'s Mem. at 4. The plaintiff responds that "it is legally absurd" for the United States to make this argument, when it is "presumed to know the law" and should therefore be aware of the basis of his claims. See Pl.'s Opp'n at 5-6. Upon reviewing the specific claims, however, it is clear that the plaintiff's claims fall short of the minimum pleadings standards imposed by the Supreme Court in Twombly and Iqbal.

Counts 20 and 23, for example, allege that the defendants failed to give the plaintiff notice within sixty days of making a tax assessment and also that the defendants asserted liens against him without providing proper notice. Compl. at 22-23. Neither of these counts, however, provides any factual basis to support the claim, such as the specific tax years at issue, the nature of the particular assessments or liens, or whether the plaintiff even requested notice in the first place. Id. Instead, the plaintiff merely re-states the statutory language from the provisions of the Code he is citing, and contends the defendants "disregarded" those provisions. Id. Similarly, in count 22, the plaintiff claims that the defendants "disregard[ed]" 26 U.S.C. §

13

6320 by failing to afford the plaintiff a hearing where he could challenge the underlying tax liability. Compl. at 22-23. But the plaintiff does not allege that he properly requested a hearing, as required by statute, see 26 U.S.C. § 6320(b)(1). Therefore, because counts 20, 22, and 23 contain only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Iqbal, __ U.S. at __, 129 S. Ct. at 1949, they are dismissed for failure to state a claim.

Count 21 contains the sort of "formulaic recitation of elements of a cause of action" proscribed by the Supreme Court in Twombly. Specifically, the plaintiff alleges that the defendants engaged in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." Compl. at 22. This is merely quoting from the language of 26 U.S.C. § 6304(b), and even when read in conjunction with the plaintiff's statement of facts, at no point does the plaintiff describe where or when the defendants "harass[ed], oppress[ed], or abuse[d]" him "in connection with collection of any unpaid tax." Compl. at 22. And assuming that the more than 100 phone calls and letters the plaintiff received from the IRS over the course of more than two decades is true, Pl.'s Facts ¶¶ 1-2, the "reasonable inference," Iqbal, __ U.S. at __, 129 S. Ct. at 1949, the Court draws is that these were instances of IRS agents performing their official duties rather than "conduct the natural consequences of which is to harass, oppress, or abuse" the plaintiff. Compl. at 22. Accordingly, the plaintiff's allegations are not enough to "nudge[] [his] claim[] across the line from conceivable to plausible," Twombly 550 U.S. at 570, and count 21 is therefore dismissed for failure to state a claim.

Count 26 alleges that the defendants failed to certify the plaintiff's liens pursuant to Montana state law. Compl. at 23-24. However this claim lacks merit because the plaintiff failed

to identify what, if anything, was improper about the notice of the lien, and in any event "[i]t is well settled that the form and content of a notice of federal tax lien are controlled by federal, not state, law." Spahr, 501 F. Supp. 2d at 98; see also 26 U.S.C. § 6323(f)(3) ("The form and content of [a notice of federal tax liens] shall be prescribed by the Secretary [of the Treasury]. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."). Count 26 is therefore dismissed for failure to state a claim.

Finally, in count 27, the plaintiff alleges that the defendants unlawfully disclosed his tax return information and were "unable or unwilling to produce the records of assessment required to legally authorize the disclosures." Compl. at 24. However this count is also devoid of factual support, and the particular section of the Code relied upon by the plaintiff, 26 U.S.C. § 7213, is actually a criminal provision that does not provide for a private right of action and is therefore unenforceable through a civil action. See Stewart v. United States, 578 F. Supp. 2d 30, 35-36 (D.D.C. 2008) (relying on a similar rationale in dismissing allegation made under a different criminal provision of the Code). Accordingly count 27 is dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the United States' motion to dismiss is granted in part and denied in part.[8]

**SO ORDERED** this 12th day of July, 2010.

/s/<br>
REGGIE B. WALTON<br>
United States District Judge

---

[8] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

15